[NOT FOR PUBLICATION]
UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT



No. 95-2307

BETTY RUTH SHAPIRO,

Plaintiff - Appellant,

v.

RELIANCE STANDARD LIFE INSURANCE COMPANY,

Defendant - Appellee.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Francis J. Boyle, Senior U.S. District Judge] 



Before

Cyr, Circuit Judge, 

Aldrich, Senior Circuit Judge, 

and Gertner,* District Judge. 



Thomas F. Ginnerty for appellant. 
Robert M. Duffy, with whom Sloan, Duffy, Sweeney & Gates was 
on brief for appellee.



August 1, 1996



 

* Of the District of Massachusetts, sitting by designation.

GERTNER, District Judge. Plaintiff Betty Ruth Shapiro GERTNER, District Judge. 

(Shapiro) brought this action under the Employee Retirement

Income Security Act of 1974 (ERISA), 29 U.S.C. 1132(a)(1)(B),

claiming that she was wrongfully denied benefits under a long-

term disability insurance policy provided by her employer and

issued by the defendant Reliance Standard Life Insurance Company

(Reliance). After a non-jury trial, the district court entered

judgment in favor of defendant. On appeal, plaintiff contends

that the district court's findings were clearly erroneous. She

also contends that she was denied due process of law when the

district court issued its decision without offering her the

opportunity to present additional evidence or make a closing

argument. We affirm. FACTS FACTS 

The facts as found by the district court were as

follows: On October 13, 1991, plaintiff was involved in a serious

motor vehicle accident. She was treated at the scene and

returned home. Three days later, however, she went to an

emergency room complaining of neck, shoulder and arm pains. She

began seeing an orthopaedic surgeon, Dr. Kenneth Morrissey, and

remained in his care until May 12, 1992. In May of 1992,

plaintiff applied for reemployment with her employer,

Fleet/Norstar Financial Group, Inc. (Fleet),1 after Dr. Morrissey

advised her to "give it a try." She was not hired, however,

because there were no positions available. In April of 1992,

 

1 Although it is not clear from the record, plaintiff apparently
ceased working sometime after her accident.

-2-

Shapiro filed for disability benefits with Reliance, which

provided group long-term disability insurance to Fleet's

employees. In response, Reliance sent letters to three of

Shapiro's treating physicians in order to evaluate her claim.

The doctors did not respond until July of 1992. Two of them

stated that they were treating plaintiff for non-disabling

maladies unrelated to her disability claim. The third, Dr.

Morrissey, found the plaintiff to be "totally disabled" for an

"indefinite period,"2 but that conclusion was belied by his

office records. The records indicated the Dr. Morrissey believed

the plaintiff to be only partially disabled, and that he had

advised plaintiff on May 12, 1992, the last date of his

treatment, that she could try to return to her job as a

securities input clerk. 

In August of 1992, defendant retroactively approved

plaintiff's application for benefits for the period April 10,

1992 through July 10, 1992. Defendant then requested that

plaintiff provide additional information substantiating her claim

for benefits beyond July 10, 1992. It sent plaintiff a

"Supplementary Report for Continued Disability Benefits" and a

"Physical Capacities Evaluation Form" to be filled out by her

treating physician. In November, 1992, plaintiff returned the

Supplementary Report, but the portion to be completed by her

physician was left blank. Instead, plaintiff submitted a record

 

2 Dr. Morrissey had reported this conclusion on an "Attending
Physician's Statement of Disability" dated April 7, 1992.

-3-

from a Dr. Tarpey, indicating that he was treating plaintiff for

asthma and emphysema. Plaintiff never submitted the Physical

Capacities Evaluation Form.

Defendant next sent letters directly to plaintiff's

physicians seeking information as to whether she continued to be

disabled. Defendant received no responses to these letters. In

February of 1993, plaintiff advised defendant by telephone that

she was seeing a chiropractor, Dr. Andrew Lombardi. In March of

1993, defendant sent a letter to Dr. Lombardi seeking information

about his treatment and plaintiff's disability. Dr. Lombardi

wrote back in April of 1993 providing information about

plaintiff's condition, but did not indicate whether plaintiff was

disabled, or whether she had been continuously disabled during

the period between May of 1992, when she ceased treatment with

Dr. Morrissey, and April of 1993.3 Moreover, Dr. Lombardi's

letter stated that plaintiff had "denie[d] any prior

accidents/incidents that could have produced the current

symptoms. In fact, as plaintiff admitted at trial, she had

earlier taken a nine month disability leave for an unrelated neck

and back injury in 1989.

 

3 This was significant because, under the terms of defendant's
policy, plaintiff's benefits would terminate as soon as she
ceased to be totally disabled. Since she was no longer working
for Fleet in 1993, she needed to show that she was continuously
disabled from the time when she was so employed in order to
continue to receive benefits.

-4-

On April 30, 1993, defendant denied plaintiff's claim

for additional benefits. Plaintiff appealed through defendant's

internal appeal process, and her claim was again denied.

-5-

DISCUSSION DISCUSSION 

I. The District Court's Findings I. The District Court's Findings 

Under the terms of defendant's policy, plaintiff was

eligible for disability benefits only if she met four criteria:

(1) that she was totally disabled as a result of a sickness or

injury covered by the policy, (2) that she was under the regular

care of a physician, (3) that she completed a so-called

"Elimination Period," and (4) that she submitted satisfactory

proof of her total disability. Engaging in a de novo review of 

plaintiff's claim, see Firestone Tire and Rubber Co. v. Bruch, 

489 U.S. 101, 115 (1989), the district court found that plaintiff

did not satisfy the first, second or fourth of these

requirements, and therefore was ineligible for benefits. We will

vacate these findings only if they are clearly erroneous.

Cumpiano v. Banco Santander Puerto Rico, 902 F.2d 148, 152 (1st 

Cir. 1990). None of them is.

First, the district court found that plaintiff had

failed to submit satisfactory proof of her total disability to

defendant. This finding is not clearly erroneous. Although Dr.

Morrissey did aver that, as of April 7, 1992, plaintiff was

totally disabled, one month later, on May 12, 1992, Dr. Morrissey

advised plaintiff that she could try to return to work. Indeed,

plaintiff did attempt to return to work at that time, and was

only refused because of the lack of an available position.

Defendant, aware that Dr. Morrissey had advised plaintiff she

could try to return to work, reasonably questioned whether she

-6-

remained totally disabled, and engaged in numerous attempts to

obtain additional proof to support her claim. Despite these

attempts, plaintiff never produced any evidence of her

disability. The district court's finding to that effect was not

clearly erroneous.

The district court also found that plaintiff was not

under the regular care of a physician. No evidence was presented

that plaintiff was regularly seeing any medical provider from

May 12, 1992, when she ceased treatment with Dr. Morrissey, until

February 22, 1993, when she started treatment with Dr. Lombardi.

There was also evidence that plaintiff had ceased all physical

therapy during this period. The district court's finding that

plaintiff was not under the treatment of a physician was not

clearly in error. 

Finally, the district court found that plaintiff was

not, in fact, totally disabled during the relevant period.

Although Dr. Lombardi testified at trial that he believed

plaintiff to be totally disabled, and that her disability had

been in place during the relevant period, the district court did

not credit this testimony as it was inconsistent with the other

evidence, including Dr. Morrissey's advice on May 12, 1992 that

if plaintiff wanted to return to work she should "give it a try."

The district court also found that Dr. Lombardi's testimony was

based on false statements provided to him by plaintiff, including

a false statement that she had never been in any other accidents

which could have caused her current symptoms. (In fact,

-7-

plaintiff had missed work for nine months in 1989 after

complaining of neck and back problems.) Dr. Lombardi likewise

ignored the fact that plaintiff had reapplied for work just after

her initial application for disability benefits had been filed.

In light of the conflicting evidence, the district court was

entitled to reach the conclusion that it did.

II. Due Process Claim II. Due Process Claim 

The trial was held on December 19, 1994. The district

court heard three live witnesses: the plaintiff, one of her co-

workers, and an employee of the defendant. At the close of the

day, the district court directed the parties to depose

plaintiff's two remaining witnesses, Drs. Morrissey and Lombardi,

and to file edited transcripts with the court. This was done a

few weeks later. Approximately one year later, on November 2,

1995, the district court issued its decision.

Plaintiff now contends that the district court denied

her due process of law because it failed to provide an

opportunity for closing argument, or for the submission of

additional evidence, prior to issuing its decision. Plaintiff

states that if given the opportunity, she would have presented

evidence that an Administrative Law Judge of the Social Security

Administration had found her to be totally disabled in April of

1995. Putting aside the question of whether this decision was

relevant or otherwise admissible, plaintiff waived her due

process claim by failing to raise it to the court below.

Poliquin v. Garden Way, Inc., 989 F.2d 527, 531 (1st Cir. 1993). 

-8-

Plaintiff never requested the opportunity to present additional

evidence or to make a closing argument in the eleven months

between the trial date and the issuance of the court's decision.

Moreover, plaintiff never moved to alter or amend the judgment

under Fed. R. Civ. P. 59. 

CONCLUSION CONCLUSION 

For the foregoing reasons, the judgment of the district

court is affirmed. Costs to appellees. 

-9-